AO 241
(Rev. 01/15)

FILED 15 MAR '18 10:51 USDC-ORP

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

3:18-CV-455-JO

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Mario Camarena-Zamora | Docket or Case No.: CR1102046 |
|---|---|

| Place of Confinement: iCE/The Dalles Oregon/NORCOR | Prisoner No.: 14853984 |
|---|---|

| Petitioner (include the name under which you were convicted) Mario Camarena-Zamora | Respondent (authorized person having custody of petitioner) v. Clackamas, state of Oregon |
|---|---|

The Attorney General of the State of: Oregon

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

The state of Oregon, Clackamas County

(b) Criminal docket or case number (if you know): CR1102046

2.  (a) Date of the judgment of conviction (if you know): July 8, 2013

(b) Date of sentencing: July 8, 2013

3.  Length of sentence: 28 Month,

4.  In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

Delivery of Methamphetamic Within 1,000 Feet of school zone — Aug. 9. 2011

Delivery of Methamphetamic Within 1,000 Feet of school zone — Dec, 8. 2011

6.  (a) What was your plea? (Check one)

☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

☐ (2)  Guilty          ☐ (4)  Insanity plea

# 77229

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Not Guilty To All Charges.

Delivery - Aug. 9, 2011
Delivery - Aug. 22- 2011 —dropped
Delivery - Dec. 8, 2011

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Clackamas County / Oregon City, Oregon.

(b) Docket or case number (if you know): CR1102046

(c) Result: Guilty

(d) Date of result (if you know): July 8, 2011

(e) Citation to the case (if you know): N/A

(f) Grounds raised: No evidence Me conecting to C.I.
No Ground of Proler Procedure.
No Single Photograph.
No Video Surveillance.
Name C.I. even do Detectives said they couldn't give there infromient.
Wrong dates on soppose buys.

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Oregon Supream Court

(2) Docket or case number (if you know): N/A

(3) Result: Denied Review

(4) Date of result (if you know): July 2015.

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _N/a_

(6) Grounds raised: _Uneffected Assistance of Councel, Under Sixten and Fourteen Amendments of The United states. constitution and Strickland v. Washington, 466 U.S 668 (1984) Intraforcyt._

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☒ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _N/a    CR1102046_

(2) Result: _"    Denied_

_"_

(3) Date of result (if you know): _"    July 8, 2015_

(4) Citation to the case (if you know): _"    N/a_

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _Oregon State affillent deVision_

(2) Docket or case number (if you know): _CR1102046_

(3) Date of filing (if you know): _Feby, 2016    2016_

(4) Nature of the proceeding: _Post-Conviction Relief_

(5) Grounds raised: _Uneffected Assistance of Councel Petitioner was the victim of a illegal Surveillance, Racial discrimination, Racial Profiling, entrapment, harrasment hearsay and false allegation, No Probable cause, and Miscarriage of justice._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: _Denied_

(8) Date of result (if you know): _Aug, 2017_

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes     ❏ No

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result:    N/A

(8) Date of result (if you know):    "

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ❏ No

(2) Second petition:    ☑ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Once Post-conviction Was close denied, I Ask my Attorney to appeal The Judge Decesion, He submitted afflication late.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Ineffective assistance of Trail Council bears the burden of Submitting evidentiary documents, Council's incompetence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

state v. Jackson (1980). 64 Ohio St. 2d 107. see, also state v. Keppler (1983), 5 Ohio St. 3d 36.

(b) If you did not exhaust your state remedies on Ground One, explain why:    I did Denict appeal Post-Conviction.

When The Judge Denied me Post-conviction, I Ask my attorney Mark. Bailey, Who represented me on This to appeal the Judge's Decesion. Mr. Bailey Never Did until Months latter, There For The only option I have Now Is Haveus. Relief

I complain To The Oregon BAR, About his actions and its Pending.

AO 241
(Rev. 01/15)

Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *Post-conviction*

Name and location of the court where the motion or petition was filed:    *Clackamas County*

*State of Oregon*

Docket or case number (if you know):    *N/a*

Date of the court's decision:    *Aug. 2017*

Result (attach a copy of the court's opinion or order, if available):    *N/a*

_____

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *Clackamas County /*

*State of Oregon*

Docket or case number (if you know): _____

Date of the court's decision:    *Aug. 16. 2017*

Result (attach a copy of the court's opinion or order, if available):    *Yes.*

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Yes I did.*

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _None._

**GROUND TWO:** Failure to move For mistrail or to exclude witness testimony

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trail, the police officers that testified for the Prosecution discussed witness testimony with each other as they exited the courtroom. Trail Counsel was aware of that but he unreasonably Failed to bring that Improper Conduct to the trial court's attention as a basis for a mistrial or to exclude witness testimony.

(b) If you did not exhaust your state remedies on Ground Two, explain why: ___N/A___

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: i had a Public deffender, i was In Prison,

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief

Name and location of the court where the motion or petition was filed:

Clackamas County / state of Oregon

Docket or case number (if you know): 16CV39640

Date of the court's decision: Aug 16, 2017

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): *II*

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Clackamas county /state of Oregon

Docket or case number (if you know): 16 CV 39640

Date of the court's decision: Aug. 16 2017

Result (attach a copy of the court's opinion or order, if available): *II*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

When post-conviction was denied. My attorney Mark Bailey Fail to File an appeal on judges decesion.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : N/a

**GROUND THREE:**  Failure to Investigate alibi defense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Council Made a reasonable tactical decision to present an alibi defense at Trail. Trial council unreasonably failed to adequately investigate the defense. IF council had adequately investigated, he would have Found additional alibi evidence that could have effected the jury's verdict by showing petitioner was not present at the drug sale set out in the indictment on December, 8 2011, ~~ass~~.

(b) If you did not exhaust your state remedies on Ground Three, explain why: __/ /__

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _My attorney was_
_doing fun work._

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Post- conviction_

Name and location of the court where the motion or petition was filed: _Clackamas County /_
_State of Oregon_

Docket or case number (if you know): _16 CV 39640_

Date of the court's decision: _Aug. 16, 2017_

Result (attach a copy of the court's opinion or order, if available): _Denied_

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Clackamas county /_
_state of Oregon._

Docket or case number (if you know): _16 CV 39640_

Date of the court's decision: _Aug. 16, 2017_

Result (attach a copy of the court's opinion or order, if available): _&c_

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____ J/A _____

_____

_____

**GROUND FOUR:** _____ See attachment _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____ // _____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____ // _____

_____

_____

(c)    **Direct Appeal of Ground Four:**                                            //

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**                          //

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:                    ll

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                 ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ❏ Yes    ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ❏ Yes   ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ❏ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing:    Mr. John Gutbezahl

(b) At arraignment and plea:    John Gutbezahl

(c) At trial:    John Gutbezahl

(d) At sentencing:    John Gutbezahl

(e) On appeal:    Neal Vyl

(f) In any post-conviction proceeding:    Mark Bailey

(g) On appeal from any ruling against you in a post-conviction proceeding:    Mr. Webber, But
Mr. Bailey submited to late. Could not appel.

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    "

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?        ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner is restrain of liberty in ICE custody.
Petitioner had Mark Bailey as an attorney, he lack his duty
to help me on my appeal, Neglected my case.
Petitioner is Indegent.

While Serving Time In NORCOR, The Delles Oregon For ICE
Custody.

Petitioner Its limited On what he can do With No Access
To Other Facilities, Until recently, law library was
Introduce.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
          of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of
          the Constitution or laws of the United States is removed, if the applicant was prevented from
          filing by such state action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
          if the right has been newly recognized by the Supreme Court and made retroactively applicable to
          cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been
          discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Reverse Charges / New_

_Trial._

or any other relief to which petitioner may be entitled.

_Mario Contreras Zempera_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on _3-5-2018_   (month, date, year).

Executed (signed) on _March 5, 2018_  (date).

_Mario Contreras Zempera_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_//_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

Mario CaMarena Zamora                    )
_____            )    Case No. CR1102046
        Petitioner/Plaintiff,            )
                                         )
        v.                               )    ☒ Petitioner/Plaintiff
                                         )    ☐ Respondent/Defendant
State of oregon                          )    **APPLICATION FOR**
_____            )    **DEFERRAL OR WAIVER OF FEES**
        Respondent/Defendant.            )

***ACCESS TO THIS DOCUMENT IS RESTRICTED TO PROTECT THE PRIVACY OF PARTIES***

I am asking for deferral or waiver of fees in this case because I am unable to pay all or part of the fees right now. I understand that I must complete the ***Declaration for Deferral or Waiver of Fees*** to prove to the court that I do not have enough money to pay the fees. I understand that if I do not, my request can be denied.

1.   I am applying for deferral or waiver of the following fees (**check one box only**):

☒ Filing Fee Only        ☐ Filing Fee + Sheriff's Service Fee*        **AMOUNT: $**
☐ Arbitration Fee        ☐ Trial Fee                                  **CODE:**
☐ Motion Fee             ☐ Other (describe): _____

*If you are requesting deferral or waiver of the sheriff's service fee, explain why you cannot find another person to serve the papers. Papers can be served by any competent person who is at least 18 years old, a resident of Oregon (or the state where service is made), and who is not a party to the case or a party's lawyer, employee, officer, or director.
_____N/A_____
_____

2.   If the court <u>defers</u> fees, I understand that:

     a.   The fees are a debt I owe to the State of Oregon and that the court may put me on a payment plan. I agree to pay the fees according to the payment plan. **If I fail to do so, the total amount of unpaid fees will be referred for collections.**

     b.   The court will enter a judgment against me for the unpaid amount of the fees that are deferred, and the judgment will be enforced regardless of the outcome of the case.

     c.   If the court refers this judgment for collection, administrative and collection costs will automatically be added to the judgment without further notice to me or further action by the court.

3.   I understand that if the clerk denies my application, I have the right to ask a judge to review my application.

Date 11-21-2016   Signature of Applicant _Mario CaMarena Zamora_
                                         ☐ Plaintiff/Petitioner  ☐ Defendant/Respondent

Printed Name of Applicant   Mario CaMarena Zamora

## DECLARATION    Case Number: _CR1102046_

*ACCESS TO THIS DOCUMENT IS RESTRICTED PURSUANT TO THE COURT'S POLICY TO PROTECT THE PERSONAL PRIVACY INTERESTS OF PARTIES*

### 1.  PERSONAL

Full Name of Applicant: _Mario_ _CaMarena Zamora_
FIRST NAME                          MIDDLE NAME                    LAST NAME

Residence Address: _201 Webber ST_  _The Dalles_ _OR_  _97058_
STREET ADDRESS                              CITY            STATE      ZIP

Mailing Address (if different): _250 SW 6th Place_ _Canby_ _OR_ _97013_
ADDDRESS                              CITY          STATE    ZIP

Telephone Number (Primary): _____ (alternate) _____

*SSN _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_ ODL/ID _N/A_ DOB: _1-31-1982_ Marital Status _Married_

*I am providing my Social Security number voluntarily.  I understand that I cannot be forced to provide it or be denied consideration solely for failure to provide it.  It may be used to verify my identification, credit and employment information, and for collection of court imposed monetary obligations.

**Names and ages of legal dependents living in household:**

| Name | Age | Name | Age |
|---|---|---|---|
| _Angel Anthony Camarena_ | | | |
| _Mariah Leandra Camarena_ | | | |

### 2.  PUBLIC ASSISTANCE (include the amount you receive PER MONTH, if any)

☐  I/household members are now receiving assistance from the following programs (check all that apply):
  ☐ Food Stamps (SNAP Supplemental Nutrition Assistance Program) -     $ _____
  ☐ Supplemental Security Income (SSI)-                                $ _N/A_
  ☐ Temporary Assistance to Needy Families (TANF) -                    $ _____
  ☐ Oregon Health Plan (OHP)

(If you checked any of the boxes above, you must show proof of the amount that you are receiving.)

### 3. EMPLOYMENT AND INCOME

#### Your Employment and Income

☐ Currently Employed    ☒ Not Currently Employed    How long since last employment? _43 months_

Employer Name (use previous employer if not currently employed) _____

Employer Address _____ Work Phone _____

Occupation (job title) _N/a_ Length of Employment _____ Last Paycheck $ _____

Wage/Salary $ _____ Per _____ Hours Per Week _____

Monthly Income: Gross (before taxes) $_____ Net (after taxes) $ _____

#### Household Members' Employment and Income    _N/A_

☐ Currently Employed    ☐ Not Currently Employed    How long since last employment? _____

Employer Name (use previous employer if not currently employed) _____

Employer Address _____ Work Phone _____

Occupation (job title) _N/A_ Length of Employment _____ Last Paycheck $ _____

Wage/Salary $ _____ Per _____ Hours Per Week _____

Monthly Income: Gross (before taxes) $_____ Net (after taxes) $ _____

Case Number: _CR11020406_

**Any other income for you, household members, or dependants in addition to amounts listed in Section 2.** (Social Security, food stamps, unemployment, retirement, public assistance, child support, workers' compensation, disability, tribal benefits, etc.):

| Source of Income (describe) | Amount | How long received? | How often received? |
|---|---|---|---|
| | $ | | |
| N/A | $ | | |
| | $ | | |
| | $ | | |

## 4.  MONTHLY LIVING EXPENSES (please provide current statements)
**Home**

| Rent/mortgage: $ | Food: $ | Trash:$ |
|---|---|---|
| N/A | | |

**Utilities**

| Electric $ | Gas $ | Water $ |
|---|---|---|
| Sewer $ | Phone $ | Cell $ |
| Cable $ | Internet $ | |

**Transportation**

| All Vehicle Payments $ | All Vehicle Insurance $ | Gas $ |
|---|---|---|
| Bus $ | Parking $ | |

**Other**

| Credit cards $ | Student loans $ | Court fines $ |
|---|---|---|
| Medical $ | Child Support $ | Other (describe) $ |

**You must show proof of the amount you pay for monthly expenses. See Instructions.**

Individuals who help pay your living expenses:

| Relationship | Amount | Payment for what (describe)? |
|---|---|---|
| | $ | |
| N/A | $ | |
| | $ | |

## 5.  MONEY ON HAND / IN BANK
Cash $_____  N/A

Checking Account Number _____  Bank/Credit Union _____  Balance $ _____

Savings Account Number _____  Bank/Credit Union _____  Balance $ _____

Other Account Number _____  Institution NoRCOR correctional  Balance $ _____
Facility . The Dalles oRegon.

## 6.  VEHICLES

| Year, Make, and Model | Value | Amount Owing | Payments made to: |
|---|---|---|---|
| | $ | $ | |
| N/A | $ | $ | |

Case Number: CR1102044

## 7. REAL ESTATE

| Address (include city and state) | Purchase Year | Purchase Price | Value | Amount Owing | Payments made to: |
|---|---|---|---|---|---|
| N/A | | $ | $ | $ | |

## 8. ALL OTHER PROPERTY OR ASSETS (for example: ATVs, RVs, boats, guns, jewelry, livestock, etc.):

| Description | Value | Description | Value |
|---|---|---|---|
| N/A | $ | | $ |
| | $ | | $ |

## 9. LIQUIDATION OF ASSETS

If you are unable to sell or liquidate your assets, explain why: _____ N/A _____

## 10. MONEY OWED TO YOU BY OTHERS (tax refunds, judgments, trust funds, settlements, etc.):

| Name of Debtor Owing You Money | Amount Owed | Date Expected |
|---|---|---|
| N/A | $ | |
| | $ | |
| | $ | |

## 11. ARE YOU SEEKING AN AWARD OF TEMPORARY CHILD AND/OR SPOUSAL SUPPORT?

☒ No ☐ Yes   If so, how much? $_____

## 12. OTHER INFORMATION YOU WANT COURT TO CONSIDER

I been In Prison Since July 10, 2013. I Parole Oct. 30. 2015. "ICE" Immigration Pick me up and I have been In Detention Since Oct. 30. 2015. Till Present Date on Immigration Proceedings.

Do you have a lawyer (or do you plan to ) to represent you in this case?   ☒ No ☐ Yes
Have you paid your attorney money?   ☒ No ☐ Yes (How much? $_____ )
Do you have a contingency fee agreement with your lawyer? ☒ No ☐ Yes
**PLEASE PROVIDE A COPY OF THE AGREEMENT BETWEEN YOU AND YOUR ATTORNEY.**

**Certificate of Document Preparation.** Check all that apply:
☒ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND I AM SUBJECT TO PENALTY FOR PERJURY.

11-21-2016
Date

*Marro Camarena Zamora*
Signature of Applicant
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent

Marro Camarena Zamora
Name of Applicant (printed or typed)

## INSTRUCTIONS FOR FEE DEFERRAL
## OR WAIVER APPLICATION & DECLARATION

Fees and costs are required in any civil case, including dissolutions (divorce), small claims, evictions (FED – Forcible Entry and Detainer), and arbitration. A list of fees is available at www.courts.oregon.gov or from the court clerk. The court accepts cash, credit and debit cards, and money orders or checks made out to the State of Oregon. If you cannot afford to pay the amount required, you may ask the court to defer or waive those fees and costs. If the court defers the fees and costs you do not need to pay them at the time of filing. You still have to pay according to the payment plan set up by the court.

If you want to apply for a deferral or waiver of fees, complete the **Application & Declaration for deferral or waiver of fees**. The **case heading** must be the same as on the papers you filed or received. This document is kept confidential (only court staff will see it, not the other party).

- Fill in the 'case heading'
- Mark whether you are the Plaintiff/Petitioner or Defendant/Respondent.
- You must **completely** fill out the Declaration. Do not leave **any** sections blank. Date, sign, and print your name.

You must show proof of income and monthly bills (including rent and utilities) for the past two months. If you claim to be eligible for public assistance, you **must** show proof of the amount you receive from all programs. Once the forms are complete, bring them to the court. You will appear before a court collection clerk who will review your documents.

INCOME (Examples, not a complete list: social security, unemployment, disability, retirement, SNAP (food stamps), TANF, welfare, public assistance)

- Wage stubs or an employer's statement of your gross income for the last 90 days (please provide the same household members)
- Bank Statement for checking and/or savings with current entries
- Records of income from self-employment, or business income
- Federal Income tax return from last year
- Current notice of unemployment benefits, welfare payments, record of payments received or uncashed checks
- Latest award letter from social security or veterans' administration
- Verification for food Stamps and/or cash grant
- List of all stocks and bonds with current market value
- Life insurance policies showing face value
- All other income

EXPENSES: (Example, not a complete list: utilities, car payments, insurance payments, medical bills)

- Payment books or receipts for all mortgages or land contracts
- Title for all vehicles, bill of sales, or payment books
- Utility bills, paid or unpaid
- Rental or lease agreements, rent receipt or statement from your landlord
- Proof of housing subsidies
- Proof of individuals living in your home

At the end of your case, fee deferrals may be addressed again if any amount is still unpaid. The judge will review the situation and decide whether the fees should be waived. At that time, you will have to update your information.

### Tips for completing the Declaration:

- Complete every entry – enter "N/A" for "Not Applicable" if it does not apply to you.
- Only enter payments that you are legally required to make for yourself or your dependents. If you are paying any expenses for a child who is not your legal dependent, a parent, or anyone else, do NOT include those payments in your Declaration.
- ODL/ID is your Oregon Driver's License, other State issued license or Identification Card number.
- "Transportation" includes bus passes, parking fees, etc.
- "Vehicle payments" and "Insurance" include **all** vehicles that you are currently making payments on (cars, trucks, motorcycles, scooters, bicycles, etc.).
- "Liquidation of assets" – if you sold your valuable possessions, how much would you get?
- A contingency fee agreement means that your lawyer gets paid part of any judgment or award that you get in this case.

### Definitions:

1. "Deferral" means either postponing an obligation to pay fees and court costs or establishing a schedule to pay fees and court costs.
2. "Household" means a person or group of people occupying a common dwelling and sharing necessary living expenses.
3. "Federal poverty guidelines" means the current-year poverty guidelines annually established by the U.S. Department of Health and Human Services.
4. "Judge" means the Chief Justice of the Supreme Court, the Chief Justice of the Oregon Court of Appeals, a judge of a Circuit Court, and a tax court magistrate.
5. "Court" means the Supreme Court, The Oregon Court of Appeals, a Circuit Court, and the Oregon Tax Court (Regular and Magistrate Divisions).

**All fees will be waived or deferred if the applicant has income that is greater/less than as stated for the household size on the Federal Welfare Standards.** It is the policy of the court to deny fee deferral applications in cases where the requester has more than sufficient income to pay a filing fee. Sufficient income is anything over 185% of the Federal Welfare Standards. The monetary guidelines to be used for fee waivers, fee deferrals and denial of fee waiver/deferral applications are:

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF CLACKAMAS

| | | |
|---|---|---|
| **STATE OF OREGON** | ) | |
| | ) | |
| **Plaintiff-Respondent** | ) | **CASE NO: CR1102046** |
| | ) | |
| **vs.** | ) | |
| | ) | **PETITION FOR POSTCONVICTION RELIEF** |
| **MARIO CAMARENA ZAMORA** | ) | **IN PURSUANT TO ORS 138.510** |
| | ) | |
| **Defendant- Petitioner** | ) | |
| | ) | **DA NO. 005235538** |

## MEMORANDUM OF LAW AND FACT IN SUPPORT OF MOTION FOR POSTCONVICTION RELIEF.

The Defendant - Petitioner, Camarena Zamora, Mario, hereby petition this court Memorandum of Law and Fact in Support of his Motion for Post-conviction relief in pursuant to ORS 138.510. The Defendant - Petitioner was convicted and sentence in the state of Oregon v. Mario Camarena Zamora, Clackamas County Circuit Court on the above mentioned case.

## BACKGROUND

Defendant-petitioner was a peaceful resident and have been living at his apartment with his wife Sasha Turner, and her sister Serena Turner who was the tenant on the lease at 1310 Township Road # B202, Canby Oregon. On December 16th 2011, at 6:00 am, the Canby Police Tactical Entry Team (TET), South Metrogang Task Force, Woodburn Police Department raided the apartment where the Defendant-petitioner was staying and place him under arrest on a allegation of the following crime.

Defendant-Petitioner was indicted for the following crime:

## UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL COUNT 1 (ORS 475.892)
### Class A Felony

The defendant, on or about August 9, 2011, in Clackamas County, Oregon, was charged with three counts of unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

## UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
### COUNT 1 (ORS 475.892)
#### Class A Felony

The defendant, on or about August 22, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

## UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
### COUNT 1 (ORS 475.892)
#### Class A Felony

The defendant, on or about December 8, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

The State further alleges that "said act(s) contrary to statutes in such cases made and provided, and against the peace and dignity of the State of Oregon".

Defendant – Petitioner was convicted on three (X̶) count(s) of Unlawful Delivering Methamphetamine within 1,000 feet of a school by a jury. Judgment against him was entered.

### A. STATEMENT OF FACTS.

Petition was unlawfully restrained of his liberty by the State of Oregon, deprivation of right, in violation of the state and federal constitutional as well as his state and federal laws. The Defendant – Petitioner was the victim of a illegal surveillance, racial discrimination, racial profiling, entrapment, harassment, hearsay and false allegation, no probable cause, and miscarriage of justice.

### FACTS ESTABLISHED.

### ANALYSIS AND FINDINGS

### DETECTIVE'S ENTRAPMENT IN VIOLATION OF THE PETITIONER'S RIGHT ORS 161.275.

### LEGAL DEFINATION

The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because the actor was induced to do so by law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

1. The Canby Police Department recruited an informant name Trevor Weast who is a convicted felon, to assist and entrap the petitioner, in an entrapped drug purchase from the Defendant – Petitioner.

2.   On December 8th 2011, Detective Scharmota and Detective Mike Smith of the Canby Police Department contacted their recruit informant Trevor Weast to assist, setup, and entrap the Defendant – Petitioner on an alleged drug investigation. Trevor Weast told them about the Defendant – Petitioner. The detectives have used and have been using other recruited informants to setup and entrap the Defendant – Petitioner over a long period of time.

3.   Both detectives met with their recruited informant, and direct their informant Trevor Weast and a recruited middleman name Richard Woodworth, and offer them with money to participate in the deal. They offered them with money and sweet deals on their probation to their probation mandate.

4.   They directed the recruited informant Trevor Weast, and the recruited middleman Richard Woodworth to purchase from the the petitioner. They arranged the amount of ounces: eight ball (about 1/8 of an ounce) and the purchased price $200.00.

5.   The detectives claim that they have searched the informant Trevor Weast is false, because Trevor Weast is a heavy drug dealer, distributor and user, and always have drug in his possession. He is a well known dealer, distributor and he has been on active probation on multiple drug charges with the police during the entrapment incident. Everybody in Canby knew their recruited informants.

6.   The detectives did not search their recruited middleman Richard Woodworth. He was the one who came with the baggie of methamphetamine. He came with an open baggie, in which he took a "pinch" from the amount of eight ball (about 1/8 of an ounce) and the purchased price $200.00. Therefore, if the detective's own recruited middleman Richard Woodworth, was allowed take a "pinch" on the amount as stated on the police report, then it will be a far less than the amount of eight ball (about 1/8 of an ounce) and the purchased price of $200.00. The detectives allowed their own to take a "pinch" of the drug in the baggie is nothing but a complete double standard, unprofessional, unethical, prejudice and miscarriage of justice against the defendant-petitioner.

7.   Detective Mike Smith provided a false statement and information during his testimony on the trial. Their recruited middleman Richard Woodworth purchase on the amount as stated on the police report was two hundred dollars $200.00 (see the police report by Mike Smith) for the amount of eight ball (about 1/8 of an ounce). He testified that they make a purchase of one hundred and thirty dollars $130.00 for the amount of eight ball (about 1/8 of an ounce). That was the evidence he presented during his testimony. This statement is completely different from his what he stated on his sworn Police Report that he presented to the District Attorney's office. His statement and testimony is false and not credible.

8.   The fundamental question is?. How can Detective Scharmota and Detective Mike Smith admit to recruiting informant Trevor Weast and hiring a middleman Richard Woodworth, offer them money, and sweet deals on their probation just to entrap the Defendant – Petitioner, after stalking, and monitoring all his actives, movements, and place of residence since 2005. Both of which are renowned convicted felons, and on active probation with the city of Canby Police Department and other police departments around the state, just to frame and entrap the petitioner on a drug purchase string? At the same time not thoroughly searching any of them?. The detectives directed the two informants to come with their drugs and accused the petitioner for unlawful delivery of Methamphetamine within 1,000 feet of a school?. While being the witness and seeing their middleman Richard Woodworth to taking a "pinch" on the same drug they criminally charged the petitioner?. Is this what is policing about?.

9. The detective's allegation that they conducted three (3) controlled drug purchase from the petitioner is completely false. If the detectives have made that amount of control drug purchase from the petitioner three times, then they should have arrested the petitioner at the scene and bring criminal charges against him at the same spot. But not to wait for an arrest warrant which was served on December 16th 2011. That's five (5) days after they fabricated their stories and plans to entrap the Defendant – Petitioner.

10. If the detectives made three (3) controlled drug purchase from the the Defendant-Petitioner, then what was the amount of each of the controlled drug purchase. They have not credibly state and testified that. Because they have to provide detail information of the amount of drug and purchased price.

11. The petitioner was in his peaceful apartment located at 1310 Township Road #B202 in Canby, Oregon. At 6:00 a.m, with his family, when he was served with the arrest warrant and got arrested. The detectives admitted about the criminal history of the Defendant – Petitioner, and his participation in the criminal street gang, the Brown Pride Nortenos activities, makes him a target. Therefore, this criminal charges are not factual, they are completely fabricated.

12. During the issuance of the warrant, detective Mike Smith read the petitioner his Miranda Right. He profiled the Defendant – Petitioner based on his tattoo and his affiliation to the Brown Pride Nortenos. The Defendant – Petitioner was completely surprised to even see detective Mike Smith and his team at his apartment at that time of the morning. Despite all interrogation and entrapment of the detectives, they were not able to fine a single drug at the Defendant – Petitioner's apartment. They spoke to Serena Turner who told them that, she didn't know about the any drug dealing by the petitioner. They went and completely fabricated the statements of Serena, and manipulated that the she didn't like the Defendant – Petitioner and do not talk to him. That's common detective manipulative practice to make the Defendant – Petitioner look bad during his criminal prosecution.

13. Being a Norteno gang member, is not a criminal act. Sitting in your sister in law's apartment with your with your family and served with an search warrant after an alleged purchase of methamphetamine using a confidential informant, and whiles not being arrested by detective Mike Smith at the vary sting operation is completely fabricated, by the detectives.

14. Detective Mike Smith's statement that Serena Turner told him that, she hate the Defendant – Petitioner was completely untrue, and taken out of context completely. Serena told Detective Smith that, she was not at the time talking to the Defendant – Petitioner. They didn't have any problem or issue. In fact it was her who was having an issue because the petitioner was not allowing her to date or be in a relationship with guys who will get her life ruined. Serena acknowledged that she considered the petitioner as her only father figure. As a teenager, she didn't understand at the time. But there was no animosity between Serena and the Defendant – Petitioner. But detective Smith took the statement and used it against the Defendant – Petitioner to demonize him during his trial.

15. The only drug the detectives found was the one found in possession of Kassandra Crooks, who has a baggie of marijuana. Despite finding a drug in her possession, the detectives did not file any charges against her. This clearly states and signifies that the Defendant-Petitioner was their primary target.

16. The detectives statement that they found a letter belonging to Pedro does not provide any nexus, neither impetus in this matter, as his friendship with the Defendant – Petitioner does not constitute any criminal act or criminal activity. Any criminal act committed by Pedro in a stabbing incident have nothing to do with the petitioner. Detective Mike Smith's statement to link Pedro in the this case have no merit whatsoever.

17. Defendant – Petitioner was denied the equal protection of the laws in violation of the Oregon Constitution or the United States Constitution because the sentence imposed upon the Defendant – Petitioner for the felony was part of a consistent pattern of disparity in sentencing by the jury who imposed the sentence, with regard to the petitioner's race, ethnic background and affiliation. The supreme court adopts a rule requiring a court of common pleas to maintain information with regard to an offender's race, affiliation, and allegation of his criminal history. The supporting evidence for the petition shall include, but shall not be limited to, a copy of that type of information relative to the Defendant – Petitioner's sentence and copies of that type of information relative to sentences that the same jury imposed upon other persons.

18. The scale found in the room of Defendant – Petitioner and his wife (Sasha Turner) not belong to Defendant – Petitioner. It belongs to the mother of the Defendant – Petitioner wife (~~Hilda Romero~~). The detectives did not even take their time to ask about the rightful owner of the scale, but admitted it and take it as evidence against the Defendant – Petitioner.

*Letecia Turner mc·*

19. The Defendant – Petitioner was the victim of a wrongful arrest and imprisonment ORS 2743.48.(5): Subsequent to sentencing and during or subsequent to imprisonment. An error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not by any person. This crime was orchestrated, planned, set and fabricated by Detective Scharmota and Detective Mike Smith of the Canby Police Department against the Defendant – Petitioner.

20. The raid by Detective Scharmota and Detective Mike Smith and the SWAT team of Canby police department, and the South Metro Gang Task Force was nothing but a Gang raid on an innocent individual. The Canby Police Department and the South Metro Gang Task Force have been trying very hard over the years, since 2005 to entrap, implicate and charge the Defendant – Petitioner of a crime. Despite the raid at his place, Detective Scharmota and Detective Mike Smith and the SWAT team of Canby police department, and the South Metro Gang Task Force, were not able to provide any single evidence was for Possession and Unlawful Delivery of of Methamphetamine within 1,000 feet of School.

21. Detective Mike Smith's recruited informant Trevor Weest who didn't show up to the trial and was not subpoenaed by the Judge. His absences proof that he was not telling the truth about the Defendant-petitioner.

22. Defendant-petitioner suffered from ineffective assistance of counsel. The state appointed a public defender in this case, who was also assigned to another case for attempted murder. This case faces lot of delay and continuance. His counsel did not participate effectively during jury selection. His cross examination was very ineffective. He failed to subpoena key witness and forced the court to subpoena the informant who did not show during trial hearing after making false allegation.

## HISTORY OF HARASSMENT, FALSE ARREST AND ALLEGATIONS BY CANBY POLICE DEPARTMENT.

On July 05, 2007, the Canby Police Department arrested Defendant-petitioner and a fourteen (14) of his Latino friends on false allegation of fight on a July event. Defendant-petitioner and his friends were walking with their family and children, attending the July event like any member of the community. Canby police Department and their and informants were closely monitoring all the activities of the Defendant-petitioner and his fourteen (14) friends. They falsely accused them for fighting and got arrested without any evidence. Whiles none of them were involved in a fight. The incident was published in the Oregonian News Paper, by Wanda Cochran. They hold the Defendant-petitioner for two (2) days and released him without a charge.

On July 24th 2006, my wife was pregnant and was preparing for labor, when Office Dicenzo came to their apartment and arrested the Defendant-petitioner for false allegation of gun possession. He accused the Defendant-petitioner of pulling a gun against a Gas Station employee. He didn't specify who that particular person was. He searched the our car and impounded it for evidence without any warrant. The Defendant-petitioner was placed in jail for two (2) weeks and later dropped the charges against him. We lost our apartment as a result of the incident. Since then Canby Police Department continued to harass, stalk, stop and frisk and monitor all our movement around the community.

Defendant-petitioner probation officer Brian falsely made up a statement against him that his Ex-Wife Corina Barrios made a complaint against him of violating the condition of the No-Contact Order which was in place between them. Officer Brian made this false report just to obtain a warrant search the apartment of the Defendant-petitioner. The Defendant-petitioner's Ex-Wife was not even in the State of Oregon at the time, she live in the State of California, and he have not filled any form of complaint or any form of communication between Officer Brian and Corina Barrios Defendant-petitioner's Ex-Wife. Corina Barrios later contacted officer Brian during her visit of Oregon to ask about the reason he made the false allegation. Officer Brian admitted that he have to lie and provide false information by using her name to obtain a search warrant from a judge to obtain a search warrant at the apartment of the Defendant-petitioner.

## JURY SELECTION

The Jurors involved in this case were all white jurors. The jury selection was not balance and fair, the jurors have their personal feeling, sympathy and prejudice against the Defendant-petitioner. The following facts established in jury selection.

1. Juror Ms Griffin have once met officer Scharmota, when he responded to an incident involving Ms Griffin. She have received a favor of response from Office Scharmota, which affected her fairness and impartiality.
2. Juror Ms Sevenson recognized Officer Scharmota as they grew up together, and Officer Scharmota coached her nephew's baseball team. This created a sense of obligation for her to support any claim by Officer Scharmota without questioning. Impartiality and fairness was affected again.
3. Juror Mr. Taylor have a daughter who was hooked on drugs and have a great sense of resentment against any individual who has a history of drug dealings or allegations of drug dealings. He technically blamed his daughter's hook on drugs against drug dealers and deliverers. This affects his fairness and impartiality.

4. Juror Botwell was a narcotic officer at Marion County. Marion County have a history of networking and cooperation with Canby Police Department. He was not a neutral party in this case. His lack of neutrality proof his lack of fairness and impartiality in this matter.

5. Juror Kilgore the small business owner and partner to a business in a development company at Idaho. He was entangled with personal constrains and lack clarity in the proceedings and procedures, as he was anticipating only a one day proceeding. He was constrained with travel arrangement to Idaho as he was going to drive. This affects his personal commitment to be free of personal constraints and prejudice. His lacks fairness and impartiality.

6. Juror Peterson was expecting a one day trial, because he has a client who was moving to a house in that very weekend. But despite his personal constraints the Judge did not excused him. His lack of time constraints affected his fairness and impartiality.

7. Juror Wee was influenced by personal feelings, sympathy and prejudice. This affected her fairness and impartiality.

8. The jury in this case were very unfair, and impartial in this case. They have not protected the fundamental rights and contribute to fair, and efficient administration of justice. They have been influenced by their level of bias, personal feelings, grudges, resentments, prejudice, unfairness and impartiality, time constraints. They have not followed the procedures, guidelines and regulation as instructed by the Judge. They have not maintained fairness and impartiality to question key witness, evidences and testimonies.

## **CASE LAW, ANALYSIS AND ARGUMENT**

A state must provide its petitioner with a clearly defined method of challenging his wrongful criminal convictions when those challenges are based on the denial of federal constitutional rights. *Young v. Ragen* (1949), 337 U.S. 235.

Defendant – Petitioner's claim of post-conviction petition is sufficient on its face to raise an issue that the Defendant – Petitioner's conviction was void or voidable on constitutional grounds, and the claim must depends on factual allegations that cannot be determined by examining the court record and files, the petition states a substantive ground for relief *State v. Milanovich* (1975), 42 Ohio St.2d 46. To establish a claim of ineffective assistance of counsel, a Defendant – Petitioner must show that counsel's performance was deficient and that the deficient performance caused prejudice. Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington* (1984), 466 U.S. 668. See, also, *United States v. Cronic* (1984), 466 U.S. 648.

Oregon has adopted the *Strickland* test for evaluating counsel's performance. See *State v. Smith* (1985), 17 Ohio St.3d 98; *State v. Bradley* (1989), 42 Ohio St.3d 136. See, also, *State v. Lytle* (1976), 48 Ohio St.2d 391; *State v. Hester* (1976), 45 Ohio St.2d 7.

An indigent defendant does have a right to court-appointed counsel in post-conviction proceedings. But if the trial court, after examining the pro se petition, determines that an evidentiary hearing is necessary, the court shall notify the public defender, who will then determine whether the petitioner's claims have arguable merit. *State v. Crowder* (1991), 60 Ohio St.3d 151. See, also, *Pennsylvania v. Finley* (1987), 481 U.S. 551.

The post-conviction petitioner who is asserting a claim of ineffective assistance of trial counsel bears the burden of submitting evidentiary documents, with the petition, to establish that counsel was not competent and that the petitioner was prejudiced by counsel's incompetence. *State v. Jackson* (1980), 64 Ohio St.2d 107. See, also, *State v. Kapper* (1983), 5 Ohio St.3d 36.

A trial court shall pay due deference to the sworn affidavits that support a post-conviction petition, but has the discretion to judge the credibility of those affidavits when deciding whether to hold an evidentiary hearing. *State v. Calhoun* (1999), 86 Ohio St.3d 279.

A petitioner in post-conviction proceedings has a due process right to respond to a dispositive motion filed by the State. *State v. Pless* (1993), Ohio St.3d 197.

Because post-conviction proceedings are civil in nature, there is no provision for a delayed appeal, under App.R. 5(A), following the denial of post-conviction relief in the trial court. *State v. Nichols* (1984), 11 Ohio St.3d 40.

A judgment denying post-conviction relief must include findings of fact and conclusions of law, and a judgment entry that is filed without findings and conclusions is incomplete. That incomplete judgment entry does not trigger the running of the time period for filing an appeal. *State v. Mapson* (1982), 1 Ohio St.3d 217.

## **CONSTITUTIONAL ANALYSIS AND PROVISIONS.**

**Fourth Amendment, U.S. Constitution; Oregon Constitution**
Search and Seizure;
Unreasonable Search and Seizures
Warrant
**Fifth Amendment, U.S. Constitution; Oregon Constitution**
Double Jeopardy
Self Incrimination
Indictment by Grand Jury
**Fifth and Fourteenth Amendments, U.S. Constitution; Oregon Constitution**
Due Process
Equal Protection
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Right to Jury Trial
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Compulsory Process to obtain witnesses
Confrontation of Adverse Witnesses
Informed of the Nature of the Charges

Right to face to face meeting witnesses
Right to Effective Assistance of Counsel
Right to Speedy and Public Trial
**Eighth Amendment, U.S. Constitution; Oregon Constitution**
Excessive Bail or Fines
Cruel and Unusual Punishment

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests:
A. That Petitioner be granted an evidentiary hearing on the above claim(s);
B. That Petitioner's conviction be vacated or set aside; and/or
C. That Petitioner be granted such other relief as the court deems appropriate.
D. Subpoena key witnesses (Serena Turner, Sasha Turner and Kasandra Crooks to testify in this matter)

RESPECTFULLY SUBMITTED

SIGNED: *Mario Camarena Zamora*
MARIO CAMARENA ZAMORA

211 WEBBER STREET
THE DALLES, OR 97058

DEFENDANT-APPELLANT PRO SE

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF CLACKAMAS**

| | | |
|---|---|---|
| **STATE OF OREGON** | ) | |
| | ) | |
| **Plaintiff-Respondent** | ) | **CASE NO: CR1102046** |
| | ) | |
| **vs.** | ) | |
| | ) | **EVIDENTIARY HEARING REQUESTED** |
| **MARIO CAMARENA ZAMORA** | ) | |
| | ) | |
| **Defendant- Petitioner** | ) | |
| | ) | **DA NO. 005235538** |

**PETITION OT VACATE OR SET ASIDE JUDGMENT
OF CONVICTION OR SENTENCE**

The Defendant - Petitioner, Camarena Zamora, Mario, hereby petition this court for Post-conviction relief in pursuant to ORS 138.510. The Defendant - Petitioner was convicted and sentence in the state of Oregon v. Mario Camarena Zamora, Clackamas County Circuit Court on the above mentioned case, for the following reason:

    1.  Petitioner was indicted for the following crimes:

**UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
COUNT 1 (ORS 475.892)**
Class A Felony

The defendant, on or about August 9, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

**UNLAWFUL DELIVERY OF METHAMPHETAMINEWITHIN 1,000 FEET OF SCHOOL
COUNT 1 (ORS 475.892)**
Class A Felony

The defendant, on or about August 22, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

## UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
### COUNT 1 (ORS 475.892)
Class A Felony

The defendant, on or about December 8, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

The State further alleges that "said act(s) contrary to statutes in such cases made and provided, and against the peace and dignity of the State of Oregon".

Defendant – Petitioner was convicted on three (3̶) ²count(s) of Unlawful Delivering Methamphetamine within 1,000 feet of a school by a jury. Judgment against him was entered and sentenced twenty eight (28) months with the department of correction. Followed by three (3) year post-prison supervision. ( Seet the transcript on Judge's sentencing)

Defendant-Petitioner file an appeal on his case and also filed a post-convition relief. Defendant-Petitioner suffered a infringement Defendant-Petitioner's right to sufficient render the judgement of conviction void or voidable under Oregon  constitution and/or the constitution of the United States. The constitutional errors that entitle Defendant-Petitioner to relief are not included in the record and could not have been raised on appeal.

## <u>VIOLATIONS OF DEFENDANT-PETITIONER'S CONSTITUTIONAL RIGHT</u>

Canby police department and its affilates have violated the following constitution of the Defendant-Petitioner.

**Fourth Amendment, U.S. Constitution; Oregon Constitution**
Search and Seizure;
Unreasonable Search and Seizures
Warrant
**Fifth Amendment, U.S. Constitution; Oregon Constitution**
Double Jeopardy
Self Incrimination
Indictment by Grand Jury
**Fifth and Fourteenth Amendments, U.S. Constitution; Oregon Constitution**
Due Process
Equal Protection
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Right to Jury Trial
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Compulsory Process to obtain witnesses
Confrontation of Adverse Witnesses
Informed of the Nature of the Charges

EVIDENTIARY HEARING REQUESTED

## FACTS

On December 8th 2011, Detective Scharmota and Detective Mike Smith of the Canby Police Department contacted their recruit informant Trevor Weast to assist, setup, and entrap the Defendant – Petitioner on an alleged drug investigation. Trevor Weast told them about the Defendant – Petitioner. The detectives have used and have been using other recruited informants to setup and entrap the Defendant – Petitioner over a long period of time.

The detectives did not search their recruited middleman Richard Woodworth. He was the one who came with the baggie of methamphetamine. He came with an open baggie, in which he took a "pinch" from the amount of eight ball (about 1/8 of an ounce) and the purchased price $200.00. Therefore, if the detective's own recruited middleman Richard Woodworth, was allowed take a "pinch" on the amount as stated on the police report, then it will be a far less than the amount of eight ball (about 1/8 of an ounce) and the purchased price of $200.00. The detectives allowed their own to take a "pinch" of the drug in the baggie is nothing but a complete double standard, unprofessional, unethical, prejudice and miscarriage of justice against the Defendant-Petitioner.

Detective Mike Smith provided a false statement and information during his testimony on the trial. Their recruited middleman Richard Woodworth purchase on the amount as stated on the police report was two hundred dollars $200.00 (see the police report by Mike Smith) for the amount of eight ball (about 1/8 of an ounce). He testified that they make a purchase of one hundred and thirty dollars $130.00 for the amount of eight ball (about 1/8 of an ounce). That was the evidence he presented during his testimony. This statement is completely different from his what he stated on his sworn Police Report that he presented to the District Attorney's office. His statement and testimony is false and not credible

## EVIDENCE TO BE CONSIDERED

Defendant-Petitioner hereby move the court to consider the following evidences:

1. False testimony of detective Mike Smith
2. False statement by the informants
3. The scale
4. Cross examination of the informants and their witnesses
5. The cash evidence stated by the detectives
6. Defendant-Petitioner's declaration
7. Defendant-Petitioner's affidavit

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests:

A. That Defendant-Petitioner be granted an evidentiary hearing on the above claim(s)
B. That Defendant-Petitioner's conviction be vacated or set aside: and/or
C. That Defendant-Petitioner be granted such other relief as court deems appropriate

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**IN THE COURT OF COMMON PLEAS**
**FOR THE COUNTY OF CLACKAMAS**

| | | |
|---|---|---|
| **STATE OF OREGON** | ) | |
| | ) | |
| **Plaintiff-Respondent** | ) | **CASE NO: CR1102046** |
| | ) | |
| **vs.** | ) | |
| | ) | **AFFIDAVIT OF INDIGENCY** |
| **MARIO CAMARENA ZAMORA** | ) | **IN PURSUANT TO ORS 138.510** |
| | ) | |
| **Defendant- Petitioner** | ) | |
| _____ | ) | |

MARIO CAMARENA ZAMORA do solemnly swear that I have presently this 22nd day of November 2016, have no means of financial support and have no asset of any value, and therefore, cannot affort to pay fpr any legal services, fees, or cost in the above styled case.

RESPECTFULLY SUBMITTED

SIGNED: *Mario Camarena Zamora*
MARIO CAMARENA ZAMORA

211 WEBBER STREET
THE DALLES, OR 97058

DEFENDANT-APPELLANT PRO SE

**NOTARY PUBLIC**

Sworn and subscribed in my presence this day 22nd day of November 2016, at 1155 am/pm.

STEVEN P. MISKIMENS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 28, 2017

SIGNED: *Steven P. Miskimens*
NOTARY PUBLIC

AFFIDAVIT OF INDIGENCY IN PURSUANT TO ORS 138.510                                                PAGE 1 OF 1

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## IN THE COURT OF COMMON PLEAS
## FOR THE COUNTY OF CLACKAMAS

| | | |
|---|---|---|
| **STATE OF OREGON** | ) | |
| | ) | |
| **Plaintiff-Respondent** | ) | **CASE NO: CR1102046** |
| | ) | |
| **vs.** | ) | |
| | ) | **MOTION FOR APPOINTMENT OF COUNSEL** |
| **MARIO CAMARENA ZAMORA** | ) | **IN PURSUANT TO ORS 138.510** |
| | ) | |
| **Defendant- Petitioner** | ) | |
| | ) | |

Petitioner moves this Court for an order appointing counsel to represent. Petitioner on the Petition for Post-Conviction Relief. A memorandum in support is attached.

RESPECTFULLY SUBMITTED

SIGNED: *Mario Camarena Zamora*
MARIO CAMARENA ZAMORA

211 WEBBER STREET
THE DALLES, OR 97058

DEFENDANT-APPELLANT PRO SE

## MEMORANDUM IN SUPPORT

Defendant-Petitioner lacks the skill or knowledge to adequately pursue Petitioner's rights without the assistance of counsel. Counsel is essential to insure that Defendant-Petitioner's rights are fully litigated and all issues reviewed. Pursuant to R.C. 2953.21, Defendant-Petitioner has only one opportunity to present his claims for post-conviction relief. Counsel is required to protect Defendant-Petitioner's constitutional rights. As attested by the Affidavit of Indigency filed with the petition, Petitioner is without funds to hire an attorney. The following special circumstances about Defendant-Petitioner and/or Defendant-Petitioner's case further support this request:

1. Provide the Defendant-Petitioner the ability to get in touch with witness
2. Subpoena informants to come and testify
3. Review all the evidence submitted by the
4. Advise clients Defendant-Petitioner concerning the merits of his case and defending his right in this matter.
5. Interpret laws, rulings and regulations for individuals and businesses
6. Aanalyze probable outcomes of his case, using professional and competent legal knowledge legal precedents.
7. Present and summarize cases to judges and juries.
8. Evaluating findings and develop strategies and arguments in preparation for presentation of cases.
9. Gather evidence to formulate defense or initiate legal action, by such means as interviewing clients and witnesses to ascertain the facts of a case.
10. Examine legal data to determine advisability of defending or prosecuting lawsuit
11. Select jurors, argue motions, meet with judges and question witnesses during the course of a trial.
12. Prepare legal briefs and opinions, and file appeals if necessary.

WHEREFORE, Defendant-Petitioner respectfully requests that counsel be appointed.

RESPECTFULLY SUBMITTED

SIGNED: *Mario Camarena Zamora*
MARIO CAMARENA ZAMORA

211 WEBBER STREET
THE DALLES, OR 97058


DEFENDANT-APPELLANT PRO SE

RESPECTFULLY SUBMITTED

SIGNED: _Mario Camarena Zamora_
MARIO CAMARENA ZAMORA

211 WEBBER STREET
THE DALLES, OR 97058


DEFENDANT-APPELLANT PRO SE

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF CLACKAMAS

MARIO CAMARENA ZAMORA     )
                                    )
     **Pro se**                  )
     **Petitioner**          )     **CASE NO: CR1102046**
                                      )
     **vs.**                   )
                                      )     **AFFIDAVIT IN SUPPORT FOR POST-**
**STATE OF OREGON**              )     **CONVICTION RELIEF**
                                      )
     **Defendant**           )
                                      )

The Defendant - Petitioner, Camarena Zamora, of 211 Webber Street The Dalles, OR 97058. I am Defendant-Petitioner in this matter and have personal knowledge of the allege crime I been falsely charged and prosecuted.

## BACKGROUND

On December 16th 2011, at 6:00 am, the Canby Police Tactical Entry Team (TET), South Metrogang Task Force, Woodburn Police Department raided the apartment where the Defendant-petitioner was staying and place him under arrest on a allegation of the following crime.

### UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
### COUNT 1 (ORS 475.892)
#### Class A Felony

The defendant, on or about August 9, 2011, in Clackamas County, Oregon, was charged with three counts of unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

### UNLAWFUL DELIVERY OF METHAMPHETAMINEWITHIN 1,000 FEET OF SCHOOL
### COUNT 1 (ORS 475.892)
#### Class A Felony

The defendant, on or about August 22, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

## UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL COUNT 1 (ORS 475.892)
### Class A Felony

The defendant, on or about December 8, 2011, in Clackamas County, Oregon, was charged with unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a public elementary, secondary or career school attended primarily by minors. The State further alleges that the Defendant – Petitioner was engaged in an organized criminal operation.

The State further alleges that "said act(s) contrary to statutes in such cases made and provided, and against the peace and dignity of the State of Oregon".

### HISTORY OF HARASSMENT, FALSE ARREST AND ALLEGATIONS BY CANBY POLICE DEPARTMENT.

On July 05, 2007, the Canby Police Department arrested Defendant-petitioner and a fourteen (14) of his Latino friends on false allegation of fight on a July event. Defendant-petitioner and his friends were walking with their family and children, attending the July event like any member of the community. Canby police Department and their and informants were closely monitoring all the activities of the Defendant-petitioner and his fourteen (14) friends. They falsely accused them for fighting and got arrested without any evidence. Whiles none of them were involved in a fight. The incident was published in the Oregonian News Paper, by Wanda Cochran. They hold the Defendant-petitioner for two (2) days and released him without a charge.

On July 24th 2006, my wife was pregnant and was preparing for labor, when Office Dicenzo came to their apartment and arrested the Defendant-petitioner for false allegation of gun possession. He accused the Defendant-petitioner of pulling a gun against a Gas Station employee. He didn't specify who that particular person was. He searched the our car and impounded it for evidence without any warrant. The Defendant-petitioner was placed in jail for two (2) weeks and later dropped the charges against him. We lost our apartment as a result of the incident. Since then Canby Police Department continued to harass, stalk, stop and frisk and monitor all our movement around the community.

Defendant-petitioner probation officer Brian falsely made up a statement against him that his Ex-Wife Corina Barrios made a complaint against him of violating the condition of the No-Contact Order which was in place between them. Officer Brian made this false report just to obtain a warrant search the apartment of the Defendant-petitioner. The Defendant-petitioner's Ex-Wife was not even in the State of Oregon at the time, she live in the State of California, and he have not filled any form of complaint or any form of communication between Officer Brian and Corina Barrios Defendant-petitioner's Ex-Wife. Corina Barrios later contacted officer Brian during her visit of Oregon to ask about the reason he made the false allegation. Officer Brian admitted that he have to lie and provide false information by using her name to obtain a search warrant from a judge to obtain a search warrant at the apartment of the Defendant-petitioner.

On December 8th 2011, Detective Scharmota and Detective Mike Smith of the Canby Police Department contacted their recruit informant Trevor Weast to assist, setup, and entrap the Defendant – Petitioner on an alleged drug investigation.

Trevor Weast told them about the Defendant – Petitioner. The detectives have used and have been using other recruited informants to setup and entrap the Defendant – Petitioner over a long period of time. Both detectives met with their recruited informant, and direct their informant Trevor Weast and a recruited middleman name Richard Woodworth, and offer them with money to participate in the deal. They offered them with money and sweet deals on their probation to their probation mandate. They directed the recruited informant Trevor Weast, and the recruited middleman Richard Woodworth to purchase from the the petitioner. They arranged the amount of ounces: eight ball (about 1/8 of an ounce) and the purchased price $200.00. The detectives claim that they have searched the informant Trevor Weast is false, because Trevor Weast is a heavy drug dealer, distributor and user, and always have drug in his possession. He is a well known dealer, distributor and he has been on active probation on multiple drug charges with the police during the entrapment incident.

The detectives did not search their recruited middleman Richard Woodworth. He was the one who came with the baggie of methamphetamine. He came with an open baggie, in which he took a "pinch" from the amount of eight ball (about 1/8 of an ounce) and the purchased price $200.00. Therefore, if the detective's own recruited middleman Richard Woodworth, was allowed take a "pinch" on the amount as stated on the police report, then it will be a far less than the amount of eight ball (about 1/8 of an ounce) and the purchased price of $200.00. The detectives allowed their own to take a "pinch" of the drug in the baggie is nothing but a complete double standard, unprofessional, unethical, prejudice and miscarriage of justice against the defendant-petitioner. Detective Mike Smith provided a false statement and information during his testimony on the trial.

Their recruited middleman Richard Woodworth purchase on the amount as stated on the police report was two hundred dollars $200.00 (see the police report by Mike Smith) for the amount of eight ball (about 1/8 of an ounce). He testified that they make a purchase of one hundred and thirty dollars $130.00 for the amount of eight ball (about 1/8 of an ounce). That was the evidence he presented during his testimony. This statement is completely different from his what he stated on his sworn Police Report that he presented to the District Attorney's office. His statement and testimony is false and not credible. The fundamental question is?. How can Detective Scharmota and Detective Mike Smith admit to recruiting informant Trevor Weast and hiring a middleman Richard Woodworth, offer them money, and sweet deals on their probation just to entrap the Defendant-Petitioner, after stalking, and monitoring all his actives, movements, and place of residence since 2005. Both of which are renowned convicted felons, and on active probation with the city of Canby Police Department and other police departments around the state, just to frame and entrap the petitioner on a drug purchase string? At the same time not thoroughly searching any of them?. The detectives directed the two informants to come with their drugs and accused the petitioner for unlawful delivery of Methamphetamine within 1,000 feet of a school?. While being the witness and seeing their middleman Richard Woodworth to taking a "pinch" on the same drug they criminally charged the petitioner?. Is this what is policing about?.

## VIOLATIONS OF DEFENDANT-PETITIONER'S CONSTITUTIONAL RIGHT

Canby police department and its affilates have violated the following constitution of the Defendant-Petitioner.

### Fourth Amendment, U.S. Constitution; Oregon Constitution
Search and Seizure;
Unreasonable Search and Seizures
Warrant

**Fifth Amendment, U.S. Constitution; Oregon Constitution**
Double Jeopardy
Self Incrimination
Indictment by Grand Jury
**Fifth and Fourteenth Amendments, U.S. Constitution; Oregon Constitution**
Due Process
Equal Protection
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Right to Jury Trial
**Sixth Amendment, U.S. Constitution; Oregon Constitution**
Compulsory Process to obtain witnesses
Confrontation of Adverse Witnesses
Informed of the Nature of the Charges


AFFIRMED BEFORE ME at the the city of The Dallas, the 22nd day of November 2016, at
_1155_ am/pm.

RESPECTFULLY SUBMITTED

SIGNED: _____
MARIO CAMARENA ZAMORA

STEVEN P. MISKIMENS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 28, 2017

211 WEBBER STREET
THE DALLES, OR 97058


DEFENDANT-APPELLANT PRO SE

# CERTIFICATE OF SERVICE

**CASE NO: CR1102046**

**IN THE MATTER OF: MARIO CAMARENA ZAMORA**

On the 22nd day of November, **2016**, I **MARIO CAMARENA ZAMORA** have served a copy of the:

1. **PETITION FOR POSTCONVICTION RELIEF IN PURSUANT TO ORS 138.510**
2. **EVIDENTIARY HEARING REQUESTED**
3. **AFFIDAVIT OF INDIGENCY IN PURSUANT TO ORS 138.510**
4. **MOTION FOR APPOINTMENT OF COUNSEL IN PURSUANT TO ORS 138.510**
5. **AFFIDAVIT IN SUPPORT FOR POST-CONVICTION RELIEF**

and deliver it to **CLACKAMAS COUNTY CIRCUIT COURT** the 22nd day of November 2016 through mail service and addressed to the clerk's office:

**CLACKAMAS COUNTY CLERK'S OFFICE**
**CLACKAMAS COUNTY CIRCUIT COURT**
**807 MAIN STREET**
**OREGON CITY**
**OREGON 97045**
**TEL: (503) 655-8447**

# MARK R. BAILEY
ATTORNEY AND COUNSELOR
294 WARNER MILNE RD.
OREGON CITY, OR 97045

TELEPHONE (503) 655-3032                              FAX (503) 650-0367

June 7, 2017

Mario Sanchez Camerena Zamora
SID # 14853984
NORCOR
201 Webber Street
The Dalles, OR 97058

Re:        *Zamora v. State of Oregon*
           Clackamas County Case No. 16CV39640

Dear Mario,

    Enclosed is a copy of the States Answer to the Amended PCR we filed. We are scheduled for Trial on August 16, 2017, for which I have enclosed a copy of the court notice.

    I am also enclosing a copy of the Amended PCR we filed for you. I held off mailing these documents as at the time you were still in Tacoma. I was told that Ms. Martinez provided you with a copy of it when you signed the Declaration.

                              Sincerely,

                              Mark R. Bailey

MRB: kw
Enclosures

In the Circuit Court of the State of Oregon
FOR CLACKAMAS COUNTY
CLACKAMAS COUNTY COURTHOUSE
807 Main Street Oregon City, OR 97045
(503) 655-8643

May 31, 2017

File Copy
No Known Address

Re: Mario Camarena Zamora vs State of Oregon
Case #: 16CV39640    Post Conviction Relief

### NOTICE OF SCHEDULED COURT APPEARANCE

Scheduled Proceeding    Hearing
Date:                   08/16/2017
Time:                   1:30 PM
Room:                   Circuit Court Docketing, Room 200

Additional information:    hrg post conviction; 2 hrs;

**YOU MUST CONTACT THIS OFFICE BY 11:00 AM TWO DAYS PRIOR
TO THE DATE ABOVE TO REPORT THE STATUS OF THIS CASE.**

### IMPORTANT PLEASE READ

Failure to appear at the court event indicated above at the time and place specified may result in
an order being rendered against you in this case.

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| MARIO CAMARENA ZAMORA, | ) | |
|---|---|---|
| Petitioner, | ) | Court No. 16CV39640 |
| | ) | |
| vs. | ) | PCR ANSWER TO AMENDED PETITION |
| | ) | FOR PCR |
| STATE OF OREGON, | ) | |
| Defendant | ) | DA No. 005235538 |
| | ) | |

The State of Oregon, Respondent, answers the Petition for Post Conviction Relief as follows:

1.

Respondent denies allegations of Section 1 that the conviction herein was illegal/unconstitutional.

2.

Respondent admits Sections 2, 3, 4, 5 and 6.

3.

Respondent denies allegations of Section 7, Ineffective Assistance of Trial Counsel.

**WHEREFORE,** Respondent denies that Petitioner's conviction was illegal or unconstitutionally obtained; further that Petitioner's attorney was not inadequate in any way under the United States or Oregon Constitutions or applicable statutes, nor did the Petitioner suffer any prejudice or denial of his constitutional rights.

**WHEREFORE,** Respondent requests that the Court enter a general judgment denying the petition as alleged.

Dated at Oregon City, Oregon, June 7, 2017.

JOHN S. FOOTE
District Attorney

By

David F. Paul, #813320
davepau@co.clackamas.or.us
Senior Deputy District Attorney

Page 1 of 2– PCR ANSWER TO PETITION FOR PCR
MARIO CAMARENA ZAMORA / 005235538 / 16CV39640

## CERTIFICATE OF SERVICE

Petitioner Name: MARIO CAMARENA ZAMORA

DA No:      005235538
Court No:   16CV39640

### ATTORNEY MAILING

I hereby certify that I served the forgoing PCR ANSWER TO PETITION FOR PCR  on Mark Bailey, attorney of record for petitioner MARIO CAMARENA ZAMORA, by mailing to said attorney a true copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorney at said attorney's last known address, to-wit: 294 Warner Milne Rd. Oregon City, OR 97045, and deposited in the post office at Oregon City, Oregon on said day.

DATED at Oregon City, Oregon, June 7, 2017.

JOHN S. FOOTE
District Attorney

By _____
David F. Paul, #813320
davepau@co.clackamas.or.us
Senior Deputy District Attorney

# MARK R. BAILEY

ATTORNEY AND COUNSELOR
294 WARNER MILNE RD.
OREGON CITY, OR 97045

TELEPHONE (503) 655-3032            FAX (503) 650-0367

May 17, 2017

Mario Sanchez Camerena Zamora
SID # 14853984
NORCOR
201 Webber Street
The Dalles, OR 97058

Re:        *Zamora v. State of Oregon*
          Clackamas County Case No. 16CV39640

Dear Mario,

     Enclosed is a copy of the PCR (with attachments) and the declaration you signed. We will now await a trial.

Sincerely,

Mark R. Bailey

MRB: kw
Enclosures

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| **MARIO CAMERENA ZAMORA**<br><br>**Petitioner,**<br><br>vs.<br><br>**STATE OF OREGON**<br><br>**Respondent,** | Case No.: 16CV39640<br><br>**AMENDED PETITION FOR POST-CONVICTION RELIEF** |

     Petitioner, Mario Camerena Zamora petitions this Court for Post-Conviction Relief from the criminal conviction and sentence in State of Oregon v. Mario Camarena-Zamora, Clackamas County Circuit Court Case No. CR1102046.

1.

     Petitioner's imprisonment, restraint, and the illegalities hereinafter were by virtue of a Judgment and Sentence imposed by the Clackamas County Circuit Court in *State of Oregon v. Mario Camerena-Zamora*, Case Number CR1102046. A copy of the Judgment is attached as ATT-1.

     //

     //

Mark Bailey
294 Warner Milne Rd.
Oregon City, OR 97045
(503) 655-3032

2.

On December 22, 2011, Petitioner was indicted on three counts of unlawful delivery of Methamphetamine within 1,000 feet of a school, ORS475.892. A copy of the indictment is attached as ATT-2.

3.

Petitioner proceeded to a jury trial with Defense Counsel John Gutzenbahl (hereafter Trial Counsel) and was found guilty on Counts 1 and 3 of the Indictment, and not guilty on Count 2.

4.

On July 9, 2013, the Honorable Judge Douglas Van Dyk imposed a sentence of 28-Months on Count 1, and 60-months of Probation on Count 3. A copy of the Judgment is attached as ATT-1.

5.

Petitioner appealed his judgment of conviction and sentence in Clackamas County Circuit Court Case Number CR1102046. On July 22, 2015 the Oregon Court of Appeals affirmed Petitioner's conviction without opinion. On December 10, 2015 the Oregon Supreme Court denied the petition for review and on January 12, 2016 the Court of Appeals entered the Appellate Judgment. A copy of the Appellate Judgment is attached as ATT-3.

6.

A post-conviction proceeding was timely filed by Petitioner and his indigent status has not changed since the filing in this matter.

//

//

//

2 – AMENDED PETITION FOR POST-CONVICTION RELIEF

# CLAIM FOR RELIEF

## (Ineffective Assistance of Trial Counsel)

## ORS 138.530(1)(a)

## Or. Const., Art. I § 11; U.S. Const., Amends. VI, XIV

Petitioner's convictions are void because he was denied adequate and effective assistance of trial counsel in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Trial counsel's inadequate and ineffective assistance prejudiced petitioner.

### 1(A)  Failure to investigate alibi defense

Trial counsel made a reasonable tactical decision to present an alibi defense at trial. Trial counsel unreasonably failed to adequately investigate the defense. If counsel had adequately investigated, he would have found additional alibi evidence that could have affected the jury's verdict by showing Petitioner was not present at the drug sales set out in the Indictment on December 8, 2011. ATT-4 (Declaration of Mario Camarena Zamora).

### 1(B)  Failure to move for mistrial or to exclude witness testimony

During trial, the police officers that testified for the prosecution discussed witness testimony with each other as they exited the courtroom. Trial counsel was aware of that but he unreasonably failed to bring that improper conduct to the trial court's attention as a basis for a mistrial or to exclude witness testimony. ATT-4 (Declaration of Mario Camarena Zamora).

### 7.

Trial counsel counsel's acts and omissions as alleged above constitute a substantial violation of petitioner's rights to effective and adequate assistance of trial counsel as guaranteed by Article 1, section 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

Mark Bailey
294 Warner Milne Rd.
Oregon City, OR 97045
(503) 655-3032

8.

As a result of the foregoing, Petitioner suffered a substantial violation of his rights to effective and adequate assistance of Trial Counsel as guaranteed in Article 1, sec. 11 of the Oregon Constitution and the Sixth and Fourteenth Amendment to the United States Constitution.

WHEREFORE, Petitioner prays for a judgment:

1.    Reversing his criminal conviction and remanding the underlying criminal proceedings to the Clackamas County Circuit Court for further proceedings.

2.    Such further relief as is just and equitable under the circumstances of this proceeding.

Dated: May 12, 2017

Mark Bailey, OSB No. 945295

Mark Bailey
294 Warner Milne Rd.
Oregon City, OR 97045
(503) 655-3032

CERTIFICATE OF SERVICE

I, Mark R. Bailey, certify that, I served a true copy of the attached Amended Petition for Post-Conviction Relief upon counsel for respondent by U.S. Mail, addressed to the party below, and via email to:

Clackamas County Circuit Court
Clackamas County District Attorney's Office
District Attorney David Paul
807 Main Street
Oregon City, Oregon 97045

Dated May _12_, 2017

Mark R. Bailey, OSB No. 945295
Attorney for Petitioner

1 – CERTIFICATE OF SERVICE

Mark R. Bailey
Attorney at Law
294 Warner Milne Rd.
Oregon City, OR 97045
(503) 655-3032

1

2

3

4

5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

6

FOR THE COUNTY OF CLACKAMAS

7

**MARIO CAMERENA ZAMORA**                    Case No.: 16CV39640

8
                                    **Petitioner,**        **PETITIONER'S EXHIBIT LIST**

9

**vs.**

10

**STATE OF OREGON**

11

                                    **Respondent,**

12

13        Petitioner  submits the following exhibits in support of his Amended Petition for Post-

14    Conviction Relief:

15        Pet. Att-1……………………………………Judgment

16        Pet. Att-2……………………………………..Indictment

17        Pet. Att-3……………………………………Appellate Decision

18        Pet. Att-4……………………………………Declaration of Petitioner[1]

19

20    Dated: May  /2 , 2017

21

22

23                        Mark Bailey, OSB No. 945295

24

25

---
[1] A signed exact copy of the declaration will be substituted when received.

1 – EXHIBIT LIST

Mark Bailey
294 Warner Milne Rd.
Oregon City, OR 97045
(503) 655-3032

State of Oregon vs. Mario Sanchez Camarena Zam    Case No. CR1102046

Entered

JUL 09 2013

BY: AJP

# In the Circuit Court of the State of Oregon for Clackamas County

State of Oregon,           )
        Plaintiff,    )
                )     Case No.: CR1102046
   vs.             )
                )     **JUDGMENT**
                )
Mario Sanchez Camarena Zamora, )     Case File Date: 12/22/2011
        Defendant.   )     District Attorney File #: 005235538

## DEFENDANT

True Name: Mario Sanchez Camarena Zamora
Date of Birth: 01/31/82          State Identification No (SID): 14853984
Fingerprint Control No (FPN): JCLA111113561

## HEARING

Proceeding Date: 07/09/2013

Judge: Douglas V Van Dyk

Court Reporter: FTR

Defendant appeared in person and was not in custody. The court determined that the defendant was indigent for purposes of court-appointed counsel, and the court appointed counsel for the defendant. The defendant was represented by Attorney(s) John E Gutbezahl, OSB Number 94084.

Plaintiff appeared by and through William K Stewart, OSB Number 02099.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 1: Delivery of Methamphetamine w/in 1000 Ft of School

Count number 1, Unlawful Delivery of Methamphetamine Within 1,000 Feet of a School, ORS 475.892, a Class A Felony, committed on or about 08/09/2011.

Conviction is based upon a Jury Verdict of guilty on 06/26/2013.

### Sentencing Guidelines

The Crime Severity Classification (CSC) on Count Number 1 is 8 and the Criminal History Classification (CHC) is D.

ATT- 

## Incarceration

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 28 month(s). Defendant is remanded to the custody of the Clackamas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may not receive credit for time served. Eligible for good time credit. The defendant may not be considered by the executing or releasing authority for any form of reduction in sentence, temporary leave from custody, work release, or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing. The defendant may not be considered for release on post-prison supervision under ORS 421.508(4) upon successful completion of an alternative incarceration program.

## Post-Prison Supervision

The term of Post-Prison Supervision is 3 year(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

### Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|------|--------|----------|-----------|-------------|
| Attorney Fees | $980.00 | | | $980.00 |
| Mandatory State Amt | $107.00 | | | $107.00 |
| Total | $1,087.00 | | | $1,087.00 |

## Count 3: Delivery of Methamphetamine w/in 1000 Ft of School

Count number 3, Unlawful Delivery of Methamphetamine Within 1,000 Feet of a School, ORS 475.892, a Class A Felony, committed on or about 12/08/2011.

Conviction is based upon a Jury Verdict of guilty on 06/26/2013.

### Sentencing Guidelines

The Crime Severity Classification (CSC) on Count Number 3 is 8 and the Criminal History Classification (CHC) is D.

The court finds reason(s) for a dispositional departure, as stated on the record.

### Probation

Defendant is sentenced to Supervised Probation for a period of 60 month(s) and shall be subject to the following conditions of probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

Furthermore, defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)): Defendant shall:
- Not use or possess alcoholic beverages (includes "near beer"), illegal drugs or narcotics.
- Submit to polygraph examinations as ordered by supervising judge or probation officer.
- Do not possess any gang related paraphernalia (including clothing). .
- Not possess any firearms or ammunition.

- No contact or association with gang members, gang associates, or be involved in any gang activity. .
- Report within 24 hours of release to Collections Clerk, Clackamas County Courthouse, 807 Main Street Room 104, Oregon City.
- Report to Clackamas County Community Corrections within 24 hours of release.

**Monetary Terms**

Defendant shall be required to pay the following amounts on this count:

**Fees and Assessments: Payable to the Court.**

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Mandatory State Amt | $107.00 | | | $107.00 |
| **Total** | **$107.00** | | | **$107.00** |

## COUNTS DISPOSED WITH NO CONVICTION

Count # 2, Unlawful Delivery of Methamphetamine Within 1,000 Feet of a School, is Finding/Not Guilty.

If convicted of a felony or a crime involving domestic violence, you may lose the right to buy, sell, transport, receive, or possess a firearm, ammunition, or other weapons in both personal and professional endeavors pursuant to ORS 166.250, ORS 166.291, ORS 166.300, and/or 18 USC 922(g).

## MONEY AWARD
**Judgment Creditor: State of Oregon**
**Judgment Debtor: Mario Sanchez Camarena Zamora**

Defendant is ordered to pay the following monetary totals, including restitution or compensatory fine amounts stated above, which are listed in the Money Award portion of this document:

| Type | Actual Owed |
|---|---|
| Attorney Fees | $980.00 |
| Mandatory State Amt | $214.00 |
| **Total** | **$1,194.00** |

The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.

Subject to amendment of a judgment under ORS 137.107, money required to be paid as a condition of probation remains payable after revocation of probation only if the amount is included in the money award portion of the judgment document, even if the amount is referred to in other parts of the judgment document.

Any financial obligation(s) for conviction(s) of a violation, which is included in the Money Award, creates a judgment lien.

State of Oregon vs. Mario Sanchez Camarena Zam:    Case No. CR1102046

## Payment Schedule

Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be made as follows:

The payment schedule for all financial obligations is to be established by the court or appropriate supervising authority.

Unless otherwise directed by the court, all financial obligations must be paid 30 days prior to completion of Post-Prison Supervision.

Payable to:
**Clackamas County Circuit Court**
**807 Main Street**
**Oregon City, OR 97045**

Dated the ___9 th___ day of ___July___, 20 _13_

Signed: _____
Douglas V Van Dyk

1

2                                                                                            2011 DEC 22  P 3: 53

3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON                    ENTERED

4                        FOR THE COUNTY OF CLACKAMAS                           DEC 22 2011

STATE OF OREGON,                          )                                    BY:    KDR
5                    Plaintiff,           )    Court No. CR1102046
              vs.                         )
6                                         )
        MARIO SANCHEZ CAMARENA ZAMORA,    )    INDICTMENT
7       DOB: 01/31/1982                   )
        DL: OR 7654460                    )
8                    Defendant.           )    DA No. 005235538
     _____

9            The above-named defendant is accused by the Grand Jury of the County of Clackamas,
     State of Oregon, by this indictment as follows:
10

       UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
11                              COUNT 1 (ORS 475.892)
                                   Class A Felony
12           The defendant, on or about August 9, 2011, in Clackamas County, Oregon, did
     unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a
13   public elementary, secondary or career school attended primarily by minors.
             The state further alleges that the defendant was engaged in an organized criminal
14   operation.

15     UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
                                COUNT 2 (ORS 475.892)
16                                 Class A Felony
             The defendant, on or about August 22, 2011, in Clackamas County, Oregon, did
17   unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a
     public elementary, secondary or career school attended primarily by minors.
18           The state further alleges that the defendant was engaged in an organized criminal
     operation.
19

       UNLAWFUL DELIVERY OF METHAMPHETAMINE WITHIN 1,000 FEET OF SCHOOL
20                              COUNT 3 (ORS 475.892)
                                   Class A Felony
21           The defendant, on or about December 8, 2011, in Clackamas County, Oregon, did
     unlawfully and knowingly deliver methamphetamine within 1,000 feet of the real property of a
22   public elementary, secondary or career school attended primarily by minors.
             The state further alleges that the defendant was engaged in an organized criminal
23   operation.

24

25   Page 1 of 2–INDICTMENT / MARIO SANCHEZ CAMARENA ZAMORA / 005235538 / CR1102046
                                Clackamas County District Attorney
                          807 Main Street, Room 7, Oregon City, OR  97045
                          Phone: (503) 655-8431  Fax: (503) 650-8943

ATT- 

1    Said act(s) contrary to statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

2

Dated this 22nd day of December, 2011.

3

_____ A TRUE BILL

4

_____

5    Foreman of the Grand Jury

Witnesses examined before the Grand Jury (unless otherwise specified, witness gave testimony in person):
Mike Smith
Trevor Carl Weast
Richard Alan Woodworth

6

7    JOHN S. FOOTE
District Attorney

8    By _____

9    William K. Stewart, OSB# 020996
BillSte@co.clackamas.or.us

10    Deputy District Attorney

11    NOTICE:    Where this accusatory instrument charges one or more misdemeanor crimes, the district attorney hereby declares that the state intends that said offense(s) proceed as a

12    misdemeanor(s).

13    CONTROL #:    JCLA111113561 / SID #OR14853984
Agency:        Canby Police Department / 11-2659

14

15

16

17

18

19

20

21

22

23

24

25    Page 2 of 2–INDICTMENT / MARIO SANCHEZ CAMARENA ZAMORA / 005235538 / CR1102046
Clackamas County District Attorney
807 Main Street, Room 7, Oregon City, OR  97045
Phone: (503) 655-8431  Fax: (503) 650-8943

ATT-1

IN THE COURT OF APPEALS OF THE STATE OF OREGON

STATE OF OREGON,
Plaintiff-Respondent,

v.

MARIO SANCHEZ CAMARENA ZAMORA,
Defendant-Appellant.

Clackamas County Circuit Court
CR1102046

A154856

**APPELLATE JUDGMENT**

Douglas V. Van Dyk, Judge.

Submitted on May 28, 2015.

Before Armstrong, Presiding Judge; Egan, Judge; and DeHoog, Judge *pro tempore*.

Attorney for Appellant: Neil F. Byl.

Attorney for Respondent: James Aaron.

**AFFIRMED WITHOUT OPINION**

---

**DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS**

Prevailing party:  Respondent

[ ]  No costs allowed.

---

Appellate Judgment                                    COURT OF APPEALS
Effective Date:  January 12, 2016                          (seal)

fmc

**APPELLATE JUDGMENT**
REPLIES SHOULD BE DIRECTED TO: State Court Administrator, Records Section,
Supreme Court Building, 1163 State St, Salem OR 97301-2563
Page 1 of 1

ATT-3

# IN THE CIRCUIT COURT OF STATE OF OREGON

## COUNTY OF CLACKAMAS

MARIO CAMARENA ZAMORA,

            Petitioner

      v.

STATE OF OREGON,

            Respondent

Case No.: 16CV39640

**DECLARATION IN SUPPORT OF PETITION FOR POST-CONVICTION RELIEF**

Pursuant to ORCP 1E, I, Mario Camerena Zamora, do hereby declare that the following facts and assertions are true and correct to the best of my knowledge and belief:

1. I, Mario Camarena Zamora, am the Petitioner in the above-entitled post conviction case.

2. I am serving a sentence based on criminal convictions in *State of Oregon v. Mario Camarena-Zamora*, Clackamas County Circuit Court case no. CR1102046.

3. The allegations in the Petition are true and accurate to the best of my knowledge and belief.

4. During trial, the police officers who testified for the prosecution discussed witness testimony with each other as they exited the court room in violation of the Court Order that there be no such communication. Such communication affected their testimony before the Jury making their testimony appear more consistent and less dishonest, and it

Page 1 -- **DECLARATION OF MARIO CAMARENA ZAMORA**

ATT-4

1   impacted my jury trial besides being illegal. My trial attorney Mr. Gutbezahl was aware

2   of that but he did not bring it up in court.

3   5.  On December 8, 2011 my wife Sasha Camerena was with her mother in Albany, Oregon

4   and they were driving the same Pickup truck that the police said I was allegedly driving

5   during a drug sale with Woodworth. I did not sell drugs to Woodworth on that day and

6   was not there in the pick-up truck as alleged. This is alibi evidence that was not used by

7   my attorney.

8   6.  The records I attach with this declaration I believe to be accurate to the best of my

9   knowledge.

10  7.  Pursuant to ORCP 1 E, I hereby declare that the above statements are true to the best of

11  my knowledge and belief, and that I understand it is made for use as evidence in court

12  and is subject to penalty for perjury.

DATED:  5-16-17

Mario Camarena Zamora

Page 2 – **DECLARATION OF MARIO CAMARENA ZAMORA**